UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHVILLE RACING CORPORATION, a Michigan corporation; OLD VILLAGE ASSOCIATES, LLC, a Michigan limited liability company; KAROUB FAMILY INVESTMENTS, LLC, a Michigan limited liability company; THE ALICE KAROUB MARITAL TRUST; ALICE KAROUB, personally and in her capacity as trustee for the Alice Karoub Marital Trust,<br><br>Defendants. | No. 14 C 7184<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr. ("Plaintiffs") brought this complaint against Northville Racing Corporation, Old Village Associates, LLC, Karoub Family Investments, LLC, The Alice Karoub Marital Trust, and Alice Karoub ("Defendants") seeking collection of withdrawal liability, interest, and penalties pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted as to Defendants Karoub Family Investments, the Alice Karoub Marital Trust, and Alice Karoub. For the following reasons, Defendants' motion to dismiss is granted in part.

1

**I.     Background**

At all relevant times, Northville Racing, a Michigan corporation, was bound by a collective bargaining agreement with a certain Teamsters local union under which it was required to make contributions to a multiemployer pension plan ("Pension Fund"). Northville Racing, along with Old Village, Karoub Family Investments, the Harbor Springs Leasing Business, and the Plymouth Leasing Business, was part of a group of trades or businesses under common control (the "Karoub Controlled Group"). At least 80% of the total value of outstanding shares of all classes of stock in Northville Racing was either directly or indirectly owned by the Alice Karoub Marital Trust ("Karoub Trust"), a Michigan revocable living trust for which the sole beneficiary was Alice Karoub. The Karoub Trust also owned at least 80% of the membership interests in Old Village and at least 80% of the membership interests in Karoub Family Investments. Additionally, Karoub Trust directly or indirectly owned an unincorporated business that consisted of leasing a 7-unit commercial building in Plymouth, Michigan ("Plymouth Leasing Business"), and Alice Karoub personally owned and operated an unincorporated business that consisted of leasing property in Harbor Springs, Michigan ("Harbor Springs Leasing Business").

On or about December 25, 2010, the Karoub Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations. As a result of its complete withdrawal from the Pension Fund, Plaintiff alleged, the Karoub Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $1,525,094.17. On or about December 18, 2012, the Karoub Controlled Group, through Northville Racing, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund.

## II. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a § 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a § 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S.Ct. 1955, 1959 (2007).

## III. Discussion

Under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1371, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §§ 1381–1461, an employer who ceases to contribute to a multiemployer pension fund is liable for withdrawal liability, to wit, its proportionate share of "unfunded vested benefits." *Cent. States, Se. & Sw. Areas Pension Fund v. White*, 258 F.3d 636, 640 (7th Cir. 2001) (citing *Central States, Southeast & Southwest Areas Pension Fund v. Ditello*, 974 F.2d 887, 888 (7th Cir.1992)). Section 1301(b)(1) of the MPPAA provides that "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1). Under this section, each business under common control is jointly and severally liable for the withdrawal liability of the others. *Id.,* 974 F.2d at 889. Thus to impose withdrawal liability on an

organization other than the one originally obligated to the Pension Fund, two conditions must be satisfied: (1) the organization must be under "common control" with the obligated organization; and (2) the organization must be a "trade or business." *Cent. States, Se. & Sw. Areas Pension Fund v. Fulkerson*, 238 F.3d 891, 895 (7th Cir. 2001). Defendants do not contest that Plaintiff has sufficiently alleged that Defendants were under common control; rather, Defendants argue that Plaintiffs have failed to sufficiently plead facts that would allow a reasonable inference that Alice Karoub, Karoub Family Investments, or the Karoub Trust (collectively the "Moving Defendants") are engaged in a trade or business.

While the MPPAA does not define the phrase "trade or business," the Seventh Circuit has required a person engaged in a "trade or business" to act: (1) for the primary purpose of income or profit; and (2) with continuity and regularity. *Fulkerson,* 238 F.3d at 895 (citing *C.I.R. v. Groetzinger*, 480 U.S. 23, 107 S. Ct. 980, 94 L. Ed. 2d 25 (1987)). Defendants contend that Plaintiffs have failed to allege that the Moving Defendants were engaged in additional activity with continuity or regularity to indicate a shift from passive investment to becoming a trade or business. *Id.* at 897. I now turn to consider whether Plaintiff has sufficiently alleged that each of the Moving Defendants is engaged in a "trade or business" under the MPPAA. 29 U.S.C. § 1301(b)(1).

  **1. Karoub Family Investments**

Plaintiff alleges that Karoub Family Investments is a limited liability company that was controlled by the Karoub Trust. Defendants argue that simply alleging that Karoub Family Investments is a formally organized business entity does not conclusively establish that it is a trade or business under ERISA. However, to survive a motion to dismiss, Plaintiff need only plausibly allege—not prove—that Karoub Family Investments is engaged in a trade or business.

*Cent. States, Se. & Sw. Areas Pension Fund v. King Auto Fin., Inc.*, No. 12 CV 617, 2012 WL 4364310, at *3 (N.D. Ill. Sept. 19, 2012)(finding allegations that defendants were corporations under common control were sufficient to show defendants were engaged in trade or business). The Seventh Circuit has held that because formal business organizations ordinarily operate with continuity and regularity and are ordinarily formed for the primary purpose of income or profit, it seemed highly unlikely that a formal for-profit business organization would not qualify as a "trade or business." *Cent. States, Se. & Sw. Areas Pension Fund v. CLP Venture LLC*, 760 F.3d 745, 749-50 (7th Cir. 2014) *cert. denied*, 135 S. Ct. 964, 190 L. Ed. 2d 834 (2015). Here, I can plausibly infer from Plaintiff's admittedly brief allegations that Karoub Family Investments, a limited liability company under the common control of the Karoub Controlled Group, is a trade or business. Plaintiff has sufficiently stated a claim under ERISA, and Defendants' motion to dismiss Karoub Family Investments is denied.

2. **Alice Karoub and Karoub Trust**

Plaintiff alleges that the Karoub Trust directly or indirectly owned and operated an unincorporated "trade or business" that consisted of leasing a 7-unit commercial building located in Plymouth, Michigan. Similarly, Plaintiff alleges that Alice Karoub "personally owned and operated an unincorporated 'trade or business'" that consisted of leasing property located in Harbor Springs, Michigan. Defendants argue that Plaintiff neither alleged that the Karoub Trust or Alice Karoub leased the property for the primary purpose of income or profit nor that it engaged in regular or continuous activities related to leasing and owning that property. Defendants contend that Plaintiff's allegations do not show that Alice Karoub has or had any level of involvement with the Harbor Springs property beyond passively owning and leasing it

and conclude that they cannot be imputed liability for any withdrawal liability of Northville Racing Corporation.

Passively holding or leasing property is not activity sufficient to be a trade or business. *Fulkerson,* 238 F.3d at 881. Actions such as negotiating leases or researching, maintaining, or repairing properties, however, should be considered in determining whether "business or trade conduct" rises to the level of regular and continuous. See *Fulkerson,* 238 F.3d at 895. Likewise, a substantial investment of time spent managing a lease may amount to regular and continuous activity in a trade or business. *Cent. States, Se. & Sw. Areas Pension Fund v. SCOFBP, LLC*, 668 F.3d 873, 878-79 (7th Cir. 2011) (citing *Cent. States, Se. & Sw. Pension Fund v. Pers., Inc.*, 974 F.2d 789, 795 (7th Cir. 1992)). In addition, the owner's primary purpose in leasing the property is significant in identifying whether the owner is engaged in a "trade or business." *Central States, Southeast and Southwest Areas Pension Fund v. White,* 258 F.3d 636, 643 (7th Cir.2001) (renting an apartment above a residential garage was not a "trade or business," even when the owner realized income, because the owner's primary purpose for renting the apartments was the added security from the tenant's presence).

Plaintiff contends that its allegation that the Plymouth property is a commercial building implies that the Karoub Trust had some management responsibilities in connection with the leasing of the commercial building beyond just passive investment. Plaintiff argues that it will be able to plead more specific facts that show the high level of involvement that the Karoub Trust, Alice Karoub, or Defendants' agents had in maintaining the buildings with further discovery. While Plaintiff is not required at the Fed. R. Civ. P. 12(b)(6) stage in the proceeding to establish that it can prove its case, a complaint must allege sufficient facts that plausibly demonstrate that, if true, Plaintiff is entitled to relief. Plaintiff has not alleged that Alice Karoub or Karoub Trust

received income or profit from the properties and engaged in any conduct additional to leasing the property, let alone continuous or regular activity, from which I can infer that Alice Karoub and Karoub Trust are a trade or business. Even drawing all reasonable inferences in favor of Plaintiff, Plaintiff has failed to sufficiently state a claim for which relief may be granted.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is denied as to Karoub Family Investments and granted as to Defendants Alice Karoub and Karoub Trust. Plaintiff is granted leave to amend the complaint.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 18, 2015